1  William M. Symmes, WSBA No. 24132
2  Abigail Maurer-Lesser. WSBA No. 58756
   Hawley Troxell Ennis & Hawley LLP
3  422 West Riverside Avenue, Suite 1100
   Spokane, WA 99201-0300
4  Telephone: (509) 755-2026
5  E-mail: WSymmes@hawleytroxell.com
           AMaurer@hawleytroxell.com
6  *Attorneys for Defendants*

7

8          THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF WASHINGTON

10

11

12  WILLIAM McCLAIN (an Individual),

13          Plaintiff,
                                    Case No.
14      v.
                                    NOTICE OF REMOVAL BY
15  GARCO CONSTRUCTION, INC. (a      DEFENDANTS TO THE UNITED
    Washington state corporation; ERIC   STATES DISTRICT COURT
16  JONES (an agent of Garco Construction,
17  Inc.); JUSTIN LUDWIG (an agent of
    Garco Construction, Inc.); ERIC JONES
18  (an agent of Garco Construction, Inc.;
19  and TIM HUTTON (an agent of Garco
20  Construction, Inc.);

21          Defendants.
22

23

24      **PLEASE TAKE NOTICE** that the Defendants Garco Construction, Inc.

25  ("Garco"), Eric Jones, Justin Ludwig, and Tim Hutton (collectively "Defendants")

26  do hereby appear through undersigned counsel and remove to the United States

27

Notice of Removal - 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201
509.624.5265
60786.0004.16303155.3

District Court for the Eastern District of Washington the above-referenced action. This action was filed in the Superior Court of the State of Washington in and for Spokane County, but no Defendant in this matter has been served with a Summons and Complaint. Removal is proper under Federal Question Jurisdiction (28 U.S.C. § 1331) because Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866—both federal laws over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1367(a), this Court has Supplemental Jurisdiction over Plaintiff's state law claims, including those asserted under the Washington Law Against Discrimination ("WLAD"). Removal is timely for the reason set forth below, and all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## I.    GROUNDS FOR REMOVAL

### A.    PROCEDURAL BACKGROUND.

Plaintiff was a carpenter apprentice who was dispatched to work on a Garco construction Project in March 2022. Plaintiff performed poorly from the start, and as a result, he was laid off the job in April 2022. Shortly thereafter, on August 15, 2022, Plaintiff filed a Charge of Discrimination against Garco with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation based on race. In turn, Garco filed a Position Statement contesting Plaintiff's Charge.

Notice of Removal - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201
509.624.5265

60786.0004.16303155.3

1

2

3

4   While Plaintiff's EEOC Charge was pending, Plaintiff filed the instant lawsuit

5   on May 26, 2023, in Spokane County Superior Court ("First Complaint"). Therein,

6   Plaintiff alleged the same unlawful conduct asserted in the EEOC Charge, except

7   Plaintiff added, as other defendants, individuals claimed to have been involved in

8   the alleged acts comprising the discriminatory and retaliatory conduct. To date,

9   Plaintiff has not effectuated legal process on any of the Defendants with the First

Complaint.[1]

Garco learned of the filing of the First Complaint when, on June 8, 2023, the

EEOC issued a Dismissal of Charge and Notice of Right to Sue, indicating that it

was closing the charge because Plaintiff had already filed a lawsuit on the matter.

Undersigned counsel for Garco then contacted Plaintiff's counsel's staff and offered

to accept service on behalf of Garco, if presented with an Acceptance of Service

form for consideration.

Undersigned counsel has yet to receive an Acceptance of Service despite

multiple conversations with Plaintiff's counsel's staff between May 2023 and July

2023. Then, on July 18, 2023, Plaintiff filed another complaint under the same cause

number, which is substantively identical to the First Complaint, save corrected

---

[1] Attached hereto is a true and correct copy of the Spokane County Superior Court

file, which contains a copy of each of the Complaints Plaintiff has filed.

Notice of Removal - 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201
509.624.5265

60786.0004.16303155.3

typographical errors ("Second Complaint"). The next day, Plaintiff's counsel and/or his staff delivered a courtesy copy of the Second Complaint to undersigned counsel's firm but did not deliver an Acceptance of Service for Garco's consideration.

In late August 2023, the individual defendants retained undersigned counsel to represent them in the lawsuit; albeit, like Garco, they have not been served. There was no further action in this case until October 9, 2023—when counsel and/or his staff again delivered a courtesy copy of the third Complaint, which was filed on October 5, 2023 ("Third Complaint"), but again did not effectuate service. The Third Complaint is substantively identical to the Second Complaint. Moreover, at no time has Plaintiff filed or served a Summons directed to any Defendant, as required by CR 4.[2]

As a result of the above-described deficiencies, no defendant in this matter has been served with process. *See* RCW 4.28.080; CR 4. Thus, the 30-day period to

---

[2] Despite Plaintiff failing to effectuate service, an Affidavit of Personal Service was filed on October 9, 2023, wherein the affiant attested to having served the Third Complaint at the undersigned counsel's firm—Hawley Troxell Ennis & Hawley LLP ("Hawley Troxell"). Neither Hawley Troxell nor undersigned counsel serve as the registered agent for Garco, and moreover, undersigned counsel has never been asked or agreed to accept service for Defendants Eric Jones, Justin Ludwig, or Tim Hutton.

Notice of Removal - 4

remove has not been triggered against any defendant and removal is timely. *See* 28 U.S.C. 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (the 30-day removal period begins to run from the date of formal service). Furthermore, removal before service is proper. *See Failing v. Washington State Liquor & Cannabis Bd.*, 2020 WL 1166083, at *1 (E.D. Wash. Mar. 11, 2020); *Novak v. Bank of New York Mellon Tr. Co., NA.*, 783 F.3d 910, 914 (1st Cir. 2015) ("As far as we can tell, every one has concluded that formal service is not generally required before a defendant may file a notice of removal."). By removing this matter before service, defendants do not waive service of process or sufficiency of process.

**B.**   **REMOVAL IS PROPER ON FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION GROUNDS.**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of all civil actions arising under the laws of the United States (Federal Question Jurisdiction). In the operative Complaint, Plaintiff alleges discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866—both federal laws over which this Court has original

Notice of Removal - 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201
509.624.5265
60786.0004.16303155.3

jurisdiction. *See* Third Compl. ¶¶ 2.3, 2.4, 2.18, 2.19, 2.20, 2.24, 3.1, 3.2, 3.3. Thus, removal is proper based on federal question jurisdiction.

Pursuant to 28 U.S.C. § 1367(a), this Court also has Supplemental Jurisdiction over Plaintiff's claims arising under Washington law, including those arising under the Washington Law Against Discrimination, R.C.W. § 49.60 *et. seq.*, because the claims "are so related . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The acts constituting both the federal and state claims arise from the same nucleus of operative fact. *See generally* Third Compl.; *see also McElroy v. Valley Joist, LLC*, No. 3:21-CV-00079-MMD-CLB, 2021 WL 1401491 at *2–3 (D. Nev. Apr. 13, 2021).

C.    **DEFENDANTS SATISFY OTHER REMOVAL REQUIREMENTS.**

This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1),(b)(2)(B) because Plaintiff has not served any Defendant with a Summons and Complaint, and resultingly, the 30-day removal period has not been triggered for any Defendant. *Id.* Additionally, 28 U.S.C. § 1446(b) is satisfied because all Defendants consent to removal.

Pursuant to 28 U.S.C. § 1441(a) and § 1391, venue lies in the United States District Court for the Eastern District of Washington because the state court action was filed in this District. *See* 28 U.S.C. § 128(b).

Notice of Removal - 6

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201
509.624.5265

60786.0004.16303155.3

Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided written notice of the filing of this Notice of Removal, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of Washington in Spokane County. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

Promptly after filing this Notice of Removal, the undersigned will provide written notice of the removal to Plaintiff, through opposing counsel, and file the same with the Clerk of the Spokane County Superior Court as required under 28 U.S.C. § 1446(d).

Respectfully submitted on this 26th day of October, 2023.

HAWLEY TROXELL ENNIS & HAWLEY LLP

s/ Abigail Maurer-Lesser
William M. Symmes, WSBA No. 24132
Abigail Maurer-Lesser, WSBA No. 58756
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201
Telephone: 509-755-2026
Email: WSymmes@hawleytroxell.com
Email: AMaurer@hawleytroxell.com
*Attorneys for Defendants*

Notice of Removal - 7

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201
509.624.5265

60786.0004.16303155.3

## CERTIFICATE OF SERVICE

The undersigned hereby certified under penalty of perjury under the laws of the State Washington that on the 26th day of October, 2023 the foregoing was delivered to the following persons:

| | |
|---|---|
| Joe Kuhlman, WSBA No. 42884<br>The Kuhlman Law Office<br>1408 W. Broadway Ave<br>Spokane, WA   99201<br>509-904-0500<br>*Attorney for Plaintiff* | ☐ U.S. Mail, Postage Prepaid<br>☒ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Via Electronic Mail: |

DATED this 26th day of October, 2023.

_____
Janet Jackson, Legal Administrative
Assistant

Notice of Removal - 8

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave., Suite 1100
Spokane, Washington 99201
509.624.5265

60786.0004.16303155.3