1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2024

SEAN F. McAVOY, CLERK

3

4

5            UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  WILLIAM MCCLAIN, an individual, | No. 2:23-CV-00310-MKD |
| 8                Plaintiffs, | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| 9         v. | |
| 10  GARCO CONSTRUCTION, INC., a Washington State Corporation; ERIC | |
| 11  JONES (an agent of Garco Construction, Inc.); JUSTIN LUDWIG (an agent of | |
| 12  Garco Construction, Inc.); ERIC JONES (an agent of Garco Construction, Inc.); | |
| 13  and TIM HUTTON (an agent of Garco Construction, Inc.), | |
| 14 | |
| Defendants. | |

15        The following procedural history is taken from Defendants' Notice of

16  Removal and the state court records attached thereto, which are the only materials

17  before the Court that set forth the procedural history of this case.

18        On August 15, 2022, Plaintiff filed a Charge of Discrimination against

19  Defendant Garco Construction, Inc. ("Garco") with the Equal Employment

20

ORDER - 1

Opportunity Commission (EEOC), raising claims related to Plaintiff's work for Garco in March 2022.  ECF No. 1 at 2.

On May 26, 2023, Plaintiff filed a Complaint against Defendants Garco, Eric Jones, Justin Ludwig, and Tim Hutton in Spokane County Superior Court case number 23202122-32.  ECF No. 1-2 at 2-11.  The Complaint asserted claims for violations of three provisions of RCW ch. 49.60, hostile work environment, retaliation, intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation.  *Id.*

On June 8, 2023, Garco learned about the state case when the EEOC dismissed the related proceedings because Plaintiff had filed a lawsuit on the matter.  ECF No. 1 at 3.  Garco's counsel reportedly communicated with Plaintiff's counsel and offered to accept service on Garco's behalf if Plaintiff provided an Acceptance of Service form.  *Id.*

On July 18, 2023, Plaintiff filed an Amended Complaint in the state case. ECF No. 1-2 at 15-24.  On July 19, 2023, someone from Plaintiff's counsel's office delivered a "courtesy copy" of this Amended Complaint to the office of Garco's counsel but did not provide an Acceptance of Service form.  ECF No. 1 at 3-4.

In August 2023, Garco's counsel also began representing Mr. Jones, Mr. Ludwig, and Mr. Hutton in this matter.  ECF No. 1 at 4.

ORDER - 2

On October 5, 2023, Plaintiff filed a Second Amended Complaint in the state case.  ECF No. 1-2 at 29-38.  On October 9, 2023, someone from Plaintiff's counsel's office again delivered a "courtesy copy" of this Second Amended Complaint to the office of Defendants' counsel.  ECF No. 1 at 4.  Also on October 9, 2023, Plaintiff filed an Affidavit of Personal Service in the state case.  ECF No. 1-2 at 39.  The Affidavit indicated that Erika Murphy served the "Complaint for Damages" in that case "to the receptionist" at Defendants' counsel's office on October 9, 2023. *Id.*  Ms. Murphy's signature was dated September 28, 2023. *Id.*

On October 26, 2023, Defendants removed this matter from Spokane County Superior Court.  ECF No. 1.  Defendants stated they still had not received proper service of process under RCW 4.28.080 or Wash. Super. Ct. Rule 4 and disclaimed any waiver of service of process by removing the case.  ECF No. 1 at 4-5, 4 n.2.  The parties did not file anything further for several weeks.

On December 11, 2023, the Court set a status conference for December 14, 2023, to determine the status of this matter.  ECF No. 4.  Joseph Kuhlman appeared by telephone on Plaintiff's behalf.  Abigail Maurer-Lesser and William Symmes appeared on Defendants' behalf, while maintaining Defendants' objections to service of process.

At the hearing, the Court noted that almost two months had elapsed since the case was removed, and far longer had elapsed since Plaintiff filed the initial

ORDER - 3

Complaint on May 26, 2023.  Mr. Kuhlman stated he would be filing an affidavit of service and was otherwise evaluating how to proceed with the matter.  The Court advised Mr. Kuhlman that it was Plaintiff's burden to effectuate or otherwise prove service and continue to prosecute the case, and that if Plaintiff did not do so within 45 days, that the Court would dismiss the matter for failure to prosecute. ECF No. 5.  Mr. Kuhlman confirmed his understanding.

Plaintiff has not filed anything since the December 14, 2023, status conference.[1]

Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Additionally, "[i]t is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984), *cert. denied*, 470 U.S. 1007 (1985) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  "When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the

---

[1] Indeed, Plaintiff has not filed anything in this matter since it was removed.

ORDER - 4

1  policy favoring disposition of cases on their merits, and the availability of less

2  drastic sanctions." *Id.* (citations omitted).

3          As of the date of this Order, more than 250 days have elapsed since Plaintiff

4  filed the first Complaint in state court on May 26, 2023.  *See* ECF No. 1-2 at 2.  98

5  days have elapsed since this matter was removed.  *See* ECF No. 1.  49 days have

6  elapsed since the Court advised Plaintiff's counsel to file a proof of service or

7  otherwise move forward with this case.  *See* ECF No. 5.  This matter is well past

8  the 90-day period for service of process under Fed. R. Civ. P. 4(m).  Moreover, the

9  Court expressly warned Plaintiff's counsel that this matter would be dismissed if

10  Plaintiff took no further action.

11          The Court's need to manage its docket, the public interest in expeditious

12  resolution of litigation, and the risk of prejudice to Defendants—particularly in

13  light of the efforts Defendants' counsel have made since they first became aware of

14  the state case in June 2023—outweigh the policy favoring disposition of cases on

15  their merits.  *See Ash*, 739 F.2d at 496.  A plaintiff's "fail[ure] to respond . . . in

16  any way," when given notice of an impending dismissal and an opportunity to

17  prevent that dismissal, may be construed as "indicative of his interest in the entire

18  case." *See id.* at 497.  Moreover, the Court concludes that no "less drastic"

19  sanction is available or appropriate, particularly given that this dismissal is without

20  prejudice.  *See id.* at 496-97.

ORDER - 5

Accordingly, **IT IS ORDERED:**

**1**.  For the reasons set forth above, this action is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order, provide copies to the parties, and **CLOSE the file**.

DATED February 1, 2024.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6